IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SANDY HARPER,

    Plaintiff,

v.                                                          CASE NO. 1:09-cv-00132-MP-GRJ

MICHAEL ASTRUE,

    Defendant.

_____/

**O R D E R**

       This matter is before the Court on Doc. 23, Report and Recommendation of the Magistrate Judge recommending that the decision of the Commissioner, denying benefits, be affirmed.  The plaintiff filed objections, Doc. 24, and the Court has made a de novo determination of those portions of the Report and Recommendation to which objection was made. 28 U.S.C. § 636(b)(1)(C).

       Plaintiff argues that: (1) the ALJ erred in failing to articulate any reasons for discrediting the opinion of Dr. Depaz; (2) the ALJ erred in failing to consider the effect of Plaintiff's migraine headaches on her ability to work; (3) the ALJ did not accurately cite the limitations set forth in the Residual Functional Capacity dated December 2002 and upon which she relied to find Plaintiff capable of sedentary work, including attributing the assessment to a doctor ; (4) the ALJ misstated the vocational expert's testimony to support her finding that Plaintiff could perform a number of semi-skilled jobs existing in the national economy; (5) the ALJ applied the wrong Medical- Vocational Guideline Rule for Plaintiff's age group; and (6) the VE did not accurately identify DOT job listings that were consistent with the hypothetical posed by the ALJ.

First, the ALJ did, in fact, state her reasons for discounting Dr. Depaz' opinion, noting that Dr. Depaz' functional assessments were "given mainly secondary to her [Plaintiff's] subjective complaints." (R. 60).  Also, the ALJ explained that she found more persuasive the RFC assessments of the State Agency physicians, an assessment completed at the VA on December 11, 2002, the assessment of Dr. Chodosh, and the findings of Dr. Feussner because their opinions were consistent with the record as a whole, which primarily consisted of the records from the VA.  Finally, Dr. Depaz was not a treating physician, whose opinion would be entitled to greater weight; he was a consultative physician.

Second, the Court agrees with the Magistrate Judge that substantial evidence existed in the record to support the ALJ's conclusion that plaintiff's migraine headaches were treatable with medication and thus were not disabling.  Third, the Court agrees that despite the error in attributing the 2002 assessment to a doctor rather than to a registered nurse, substantial evidence supported the ALJ's decision not to rely upon all of the assessment.  In light of the medical record as a whole, those portions of the assessment not adopted by the ALJ were inconsistent with the objective tests and the evidence of possible substance abuse and drug seeking by plaintiff.

Fourth, the Court agrees with the Magistrate Judge that any issues relating to the ALJ's reference to the vocational grids are irrelevant because the ALJ relied upon a vocational expert's testimony.  Furthermore, despite certain technical errors in the ALJ's consideration of how long it would take a typical worker to transfer his or her skills for certain jobs, the actual jobs identified by the vocational expert are consistent with the limitations of the plaintiff and are available in the national economy.

For all of these reasons, substantial evidence existed to support the ALJ's decision.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is accepted and incorporated herein.

2. The decision of the Commissioner, denying benefits, is affirmed.

**DONE AND ORDERED** this *12th* day of July, 2011

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge